IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NOW WORD COVENANT CHURCH, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00261-FB |
| vs. | § § | |
| STATE FARM LLOYDS, | § § § | |
| *Defendant.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is State Farm Lloyds' Opposed Motion for Protective Order to Quash Plaintiff's Notice of Intention to Take the Oral and Videotaped Deposition of the Designated Corporate Representative(s) of Defendant State Farm Lloyds with Subpoena Duces Tecum [#11]. The Court held a hearing on the motion on October 25, 2019 at which both parties were present through counsel.

By its motion, Defendant State Farm Lloyds asks the Court to quash Plaintiff's notice of the deposition of State Farm's corporate representative as well as the subpoena duces tecum served with the deposition notice. Although the parties were able to resolve some issues before the hearing, a dispute remains as to whether Plaintiff should be permitted to take the deposition of Defendant's corporate representative prior to the deposition of the insurance adjuster with direct knowledge of the claim adjustment underlying this case. Defendant also still opposes three topics designated in the deposition notice (Topics F, H, and G) as irrelevant, vague, and overbroad. At the conference, the Court issued certain oral rulings on these issues, which it now memorializes with this written Order.

1

The Court will deny in part and grant in part the motion to quash. Plaintiff may proceed with the corporate representative deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, regardless of whether Plaintiff ultimately chooses to depose the insurance adjuster. Defendant has failed to demonstrate good cause for protection from the deposition or that the deposition notice subjects it to an "undue burden" such that the Court must quash the deposition under Rules 26(c) or Rule 45(c). There is nothing in Rule 30(b)(6) that supports Defendant's position that Plaintiff lacks the discretion to determine whether to proceed first with a corporate representative deposition or some other potential witness. The Court will, however, require the parties to confer in the next 14 days as to a deposition schedule for the other depositions discussed at the hearing and to act in good faith to attempt to schedule the depositions before the end of January 2020. Nothing in this order will preclude Plaintiff from withdrawing these other deposition notices after the deposition of the corporate representative is taken.

As to the challenged deposition topics, the Court will limit the challenged deposition topics to information pertinent to this case only as opposed to all other cases "like this one," as originally designated in Plaintiff's notice. Modifying these topics will ensure that Plaintiff's discovery is both relevant to the claims at issue and proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Topic H is already so limited, as it seeks information regarding "the relationship between State Farm and any outside adjusting company or experts used in this case." Topics F and G will be modified as follows:

- Topic F: "The procedure for vetting and hiring experts in this case."

- Topic G: "Underwriting and underwriting guidelines that applied in this case, which includes any pre-occurrence inspections of the property."

Plaintiff has agreed to withdraw Topic G if, upon receipt of the underwriting file itself, Plaintiff discovers there this topic is no longer relevant to this lawsuit. During the parties' conference on a deposition schedule, they should also confer on what exists with respect to underwriting guidelines and attempt to narrow the scope of what Plaintiff is asking Defendant to produce.

**IT IS THEREFORE ORDERED** that State Farm Lloyds' Opposed Motion for Protective Order to Quash Plaintiff's Notice of Intention to Take the Oral and Videotaped Deposition of the Designated Corporate Representative(s) of Defendant State Farm Lloyds with Subpoena Duces Tecum [#11] is **DENIED IN PART AND GRANTED IN PART** as follows:

- Defendant's request that the Court quash the deposition is **DENIED**.

- Defendant's request for protection from Topics F, H, and G is **GRANTED IN PART** as detailed herein.

**IT IS FURTHER ORDERED** that the parties meet and confer **within 14 days** of this Order and establish a deposition schedule for the noticed corporate representative deposition and the other depositions discussed at the hearing. The parties should attempt in good faith to complete these depositions before the end of January 2020. At the conference the parties should also confer regarding underwriting guidelines that exist with respect to the policy at issue in this case and attempt to narrow the scope of requested production.

**IT IS FINALLY ORDERED** that the parties confer in the manner required by Rule 26(f) of the Federal Rules of Civil Procedure and submit a Joint Discovery/Case Management Plan that answers the following questions, as is ordered in all cases referred to the undersigned, no later than **November 14, 2019**.

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

7. What, if any, discovery disputes exist?

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

9. Have the parties discussed mediation?

**IT IS SO ORDERED.**

SIGNED this 31st day of October, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE